UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ELMER B. MAUGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:21-CV-190 JD |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY., | ) ) ) |
| Defendant. | |

## **OPINION AND ORDER**

Plaintiff Elmer Mauger applied for and was issued a life insurance policy from the Defendant Metropolitan Life Insurance Company ("MetLife"). Mr. Mauger eventually decided to cancel the policy, but MetLife allegedly failed to do so. Mr. Mauger sued MetLife for breach of contract, insurance bad faith, and fraud. (DE 3.) MetLife responded to Mr. Mauger's suit with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Mr. Mauger failed to allege any plausible claims. (DE 5.) Mr. Mauger now asks the Court to convert MetLife's motion to dismiss to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d), or in the alternative, to extend his time to respond to MetLife's motion to dismiss. (DE 8.) Mr. Mauger argues that the motion to convert is proper because MetLife relies on evidence outside the pleadings, namely, on Mr. Mauger's policy application and on assumptions of counsel in its supporting brief. For the reasons explained below, the Court denies Mr. Mauger's motion to convert.

1

### A. Background

Mr. Mauger alleges the following facts in his complaint: Almost fifty years ago, on September 12, 1974, MetLife issued a Family Plan endowment insurance policy to Mr. Mauger. (DE 3 ¶ 3.) When Mr. Mauger obtained the life insurance policy, he was married to Barbara Mauger. Their marriage dissolved in April 1985. (DE 3 ¶ 5.) Shortly thereafter, Mr. Mauger asked MetLife to remove his ex-wife's name from the policy. (DE 3 ¶ 6.) MetLife informed him that this could not be done, so Mr. Mauger cancelled the life insurance policy and ceased making premium payments. (DE 3 ¶ 8.) Yet, the policy was not terminated as directed, and from May 13, 1985, until April 15, 2019, MetLife issued loans against the cash surrender value of the policy. (DE 3 ¶¶ 13–14.) Mr. Mauger claims he was unaware that the policy had not been cancelled until he received, on January 17, 2017, a notice of automatic premium loan from MetLife. *Id.* Mr. Mauger informed MetLife that he had cancelled the life insurance policy in 1986. (DE 3 ¶ 15.) However, MetLife continued to issue additional loans, so Mr. Mauger hired an attorney, who twice sent letters asking MetLife to cease all attempts to recover on the loan never agreed to by Mr. Mauger (once January 26, 2018, and another February 13, 2019) (DE 3 ¶¶ 16, 18, 20.) On August 9, 2019, MetLife informed Mr. Mauger that the life insurance policy had lapsed. (DE 3¶ 22.) In addition, MetLife notified Mr. Mauger that the gross distribution of the loan issued to him and the amount to thus be repaid by him was $34,068.57. (DE 3 ¶ 4.)

Mr. Mauger no longer possesses a copy of the policy, so he did not attach it to his complaint. (DE 3 ¶ 3.) However, MetLife attached a copy of the policy, containing the policy application, to its notice of removal. (DE 1 Ex. 4 at 15–21.) In its brief in support of its motion to dismiss, MetLife briefly references Mr. Mauger's policy application, once in the introductory paragraph

and again in its fraud argument: "[t]he application for the Policy is part of the Policy, and explicitly selects the "APL" (automatic premium loan) as a 'special request.'" (DE 6 at 12.) Furthermore, contending that Mr. Mauger's breach of contract claim is time barred, MetLife argues that "Mauger knew that he did not receive the cash surrender value, and thus knew that the contract had been breached." (DE 6 at 4.) As a result of these contentions, Mr. Mauger moves to convert MetLife's motion to dismiss to a motion for summary judgment. (DE 8.) Mr. Mauger asserts that conversion under Federal Rule 12(d) is appropriate because both the policy application and MetLife's assumptions concerning Mr. Mauger's state of mind are outside the pleadings.

### B. Standard of Review

Under Federal Rule of Civil Procedure 12(d), the Court must convert a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment under Rule 56 if "matters outside the pleadings are presented to and not excluded by the Court." Fed. R. Civ. Pro. 12(d). If "a court chooses to consider materials outside the pleadings," then it "must treat the motion as one for summary judgment" unless the materials considered are either subject to judicial notice or essential to the plaintiff's claims. *Atlanta Gas Light Co. v. Navigators Ins. Co.*, No. 1:20-cv-02441-JPH-TAB, 2021 WL 1546060, at *2 (S.D. Ind. Apr. 19, 2021) (citing *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020)); *see Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). It is within the Court's discretion to either exclude the materials and handle the case as a motion to dismiss or to consider the materials and convert to summary judgment. *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). If the Court elects to convert to summary judgment, all parties must have "a reasonable opportunity to

present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). "Adequate notice is provided when the moving party frames its motion in the alternative as one for summary judgment." *Belair Elecs.*, 2021 WL 1239616, at *6 (quoting *Tri—Gen Inc. v. Int'l Union of Operating Eng'rs, Loc. 150*, 433 F.3d 1024, 1029 (7th Cir. 2006)).

Rule 10(c) describes the type of materials that may be considered part of a pleading: "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). This means that a court may consider for purposes of a Rule 12 motion, documents that are attached to a motion to dismiss if they are referred to in the complaint and are central to the plaintiffs' claims. *Browning v. Flexsteel Indus.*, 959 F. Supp. 2d 1134, (N.D. Ind. 2013) (citing *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006)); *see Geinosky*, 675 F.3d at 745 ("A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice.").

## C. Discussion

Mr. Mauger seeks to convert MetLife's motion to dismiss to a motion for summary judgment for each of his three claims: breach of contract, insurance bad faith, and fraud. Mr. Mauger argues that conversion is proper because MetLife, in its supporting brief, substantially relies on materials outside the pleadings. (DE 8 ¶ 6.) First, Mr. Mauger claims that MetLife heavily relies on Mr. Mauger's application for life insurance, a document neither attached to nor referenced in his complaint, but included as an exhibit in MetLife's notice of removal. (DE 1 Ex. 4 at 15–21.)

4

Because a notice of removal is not a "pleading" under Rule 7, Mr. Mauger posits that MetLife has improperly introduced extrinsic evidence. (DE 8 ¶ 10.) Second, Mr. Mauger asserts that MetLife impermissibly makes assumptions regarding Mr. Mauger's state of mind, which contradict the statements in Mr. Mauger's complaint. Mr. Mauger argues that these assumptions also constitute materials outside the pleadings. For the following reasons, the Court finds Mr. Mauger's arguments unpersuasive and will deny the motion to convert.

### 1. Policy Application

First, Mr. Mauger contends that the policy application, not explicitly referenced in his complaint yet upon which MetLife relies for its motion to dismiss, is extrinsic material. Second, he challenges whether the policy application attached by MetLife is a true and accurate copy. Typically, under Rule 12(b)(6), a court is limited to the four corners of the complaint when determining whether plaintiffs have pled plausible claims entitling them to relief. *Rosenblum v. Travelbyus Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). There is a narrow exception to this general rule: a court may consider a document attached to a motion not within the pleadings without having to turn the motion into one for summary judgment if that document is central to the plaintiff's complaint. *Wright v. Associated Ins. Cos., Inc.,* 29 F.3d 1244, 1248 (7th Cir. 1994). Accordingly, when reviewing a motion to dismiss, "a court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, *documents that are central to the complaint and are referred to in it*, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (emphasis added).

Here, according to Indiana Code § 27-1-12-6, the policy application is properly considered as part of the policy itself:

> That the policy, together with the application therefor, a copy of which application shall be attached to the policy and made a part thereof, shall constitute the entire contract between the parties and shall be incontestable after it shall have been in force during the lifetime of the insured for two (2) years from its date, or, at the option of the company after it shall have been in force for two (2) years from its date, except for nonpayment of premiums, and except for violation of the conditions of the policy relating to naval and military service in time of war, and at the option of the company provisions relative to benefits in the event of total and permanent disability and provisions which grant additional insurance specifically against death by accident may also be excepted.

Ind. Code Ann. § 27-1-12-6 (West 2021).

Furthermore, the policy is amply referenced in Mr. Mauger's complaint and is central to his claims. Without exception, each of Mr. Mauger's three causes of action are premised upon the insurance policy, a document not attached to his complaint, but attached to MetLife's notice of removal. The policy is thus foundational to each of Mr. Mauger's claims. He expressly indicates, too, that the policy would have been attached to the complaint had he retained a copy. (DE 3 ¶ 3.) And, Mr. Mauger repeatedly references the policy in his complaint. Indeed, "the policy" appears in nearly every paragraph of the document: 3, 4–12, 14–18, 22, 25–33, 35–39. (DE 10 at 3.) Because the policy application comprises a necessary component of the policy, which is repeatedly referenced in Mr. Mauger's complaint and is central to his claims, the application is squarely within the pleadings.

However, Mr. Mauger also questions whether the policy application attached by MetLife is an authentic copy. Namely, he submits that "[m]uch of the application relied on by MetLife is illegible, portions of it are obscured, and MetLife has not laid a proper foundation as to whether the same is a true and accurate copy." (DE 8 ¶ 4.) In doing so, Mr. Mauger does not claim that the document is a fake or that it has been doctored. In other words, although Mr. Mauger posits

6

that the policy application is unauthenticated, he does not claim that it is inauthentic. At this juncture, the difference is important. A court may consider a document that is unauthenticated but cannot consider a document charged as inauthentic. For example, in *Heuberger v. Smith*, because the plaintiff only argued that the checks at issue were unauthenticated and did not question their authenticity, the court properly considered the paychecks attached to the motion to dismiss. *Heuberger v. Smith,* No. 3:16-CV-386-JD-JEM, 2017 WL 3923271, at *9 (N.D. Ind. Sept. 7, 2017); *see also Sa'Buttar Health & Med., P.C. v. TAP Pharms., Inc.*, 2004 WL 1510023, at *3 (considering contract attached to motion to dismiss and dismissing breach of contract claim where nonmovant claimed the contract was unauthenticated but did not argue the document was inauthentic).

Furthermore, the Court is not bound by the plaintiff's assertions as to the effect of the attached contract but can independently examine the contract and form its own conclusions. *See Rosenblum*, 299 F.3d at 661. Though the Court agrees that some parts of the policy application are more difficult to read than others, there is no reason to believe that the document is inauthentic. Indeed, the document is signed by Mr. Mauger, his ex-wife, Barbara Mauger, and is dated within the applicable time period established in the complaint. (DE 1 Ex. 4 at 15.) *See Sa'Buttar*, 2004 WL 1510023, at *8–9) ("The contract provided by TAP is signed and dated by Dr. Buttar, President of the Clinic, and the May 24, 1999 order falls within the effective dates of the contract. Unless the Clinic has good faith grounds to dispute its authenticity, the court may consider it.").

Finally, while Mr. Mauger states that "MetLife relies heavily on what it claims is a copy of Mr. Mauger's insurance application," in reality, MetLife references the application only twice in its supporting brief. (DE 8 at 4.) MetLife mentions the application once in its introductory

7

paragraph and again in its fraud argument. (DE 6 at 1, 12.) This document standing alone, so infrequently cited and insignificantly relied upon, does not mandate conversion to summary judgment. *See Belair Elecs. v. Carved,* No. 3:20-CV-630 JD, 2021 WL 1239616, at *3 (N.D. Ind. Apr. 2, 2021) (denying motion to convert where the additional submission provided "no more guidance than what already existed in the complaint itself").

Accordingly, the policy may therefore be considered in deciding MetLife's motion to dismiss, and conversion to a motion for summary judgment is unnecessary.

### 2. *MetLife's Assumptions in Motion to Dismiss Supporting Brief*

Next, Mr. Mauger asserts that MetLife "improperly makes assumptions regarding Mr. Mauger's state of mind regarding when Mr. Mauger 'knew' that MetLife had not cancelled the policy . . . Hence, MetLife's counsel improperly relies on matters outside the pleadings to support MetLife's assertion." (DE 8 at 5.) The Court finds this argument unpersuasive. "Memoranda of points and authorities as well as briefs and oral arguments in connection with the motion . . . are not considered matters outside the pleadings for purposes of conversion." 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1366 (3d ed.). While MetLife disputes Mr. Mauger's allegations in the complaint and explains the meaning of those facts in its brief supporting its motion to dismiss, it introduces no new facts or material. MetLife does not purport to present outside material; rather, it merely construes the complaint in favor of its client. And, while this Court agrees with Mr. Mauger's position that courts may not consider unsworn commentary of counsel, this argument is not relevant here. (DE 8 at 5–6.) Mr. Mauger presents several cases in support of his argument, like *Cuddy v. Wal-Mart Super Ctr. Inc.*, 993 F. Supp. 962, 967 (W.D. Va. 1998), and *J.A.W. v. Roberts*, 627 N.E.2d 802, 808 (Ind. Ct. App. 1994), but each case

describes the standard at summary judgment and they are not pertinent to the present stage of litigation. Conversion to summary judgment for a contrary interpretation of facts is unwarranted.

### 3. *Motion to Strike*

Mr. Mauger's motion to convert diverted the briefing away from MetLife's motion to dismiss. However, MetLife filed a purported reply in support of its motion to dismiss. (DE 12.) Mr. Mauger now asks that this brief be stricken as premature, and the Court will grant the request.

## CONCLUSION

In sum, the Court finds Mr. Mauger's argument for conversion unpersuasive. The insurance policy, comprised of the application, is central to Mr. Mauger's claims, and is referenced numerous times in his complaint. While Mr. Mauger does contend that the application is unauthenticated, he does not posit that it is inauthentic. As such, the policy and application contained therein may be properly considered in deciding MetLife's motion to dismiss, and conversion to a motion for summary judgment is unwarranted. And, MetLife's inferences in its brief supporting its motion to dismiss do not comprise matters outside the pleadings. As a result, the Court—

- **DENIES** Mr. Mauger's motion to convert (DE 8);
- **DENIES** Mr. Mauger's request for extension of time to respond to Defendant's motion for summary judgment as moot (DE 9);
- **GRANTS** Mr. Mauger's motion to strike MetLife's reply brief in support of its motion to dismiss plaintiff's complaint as premature (DE 13); and

- **GRANTS** Mr. Mauger an extension of time to respond to MetLife's motion to dismiss (DE 8.)

The Court **ORDERS** Mr. Mauger to file his response to MetLife's motion to dismiss by July 21, 2021 MetLife may reply by July 28, 2021.

SO ORDERED.

ENTERED: July 7, 2021

                                                              /s/ JON E. DEGUILIO
                                                              Judge
                                                              United States District Court